## W. P. Thompson, Agent, *v.* Chauncey Parent et als.

*When, by agreement of counsel, all the evidence taken in writing on a previous trial was to be received, subject only to the exceptions that might be made to its admissibility, on appeal, the Supreme Court will not notice bills of exception which were taken on the previous trial.*

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Collens & Woolridge,* for plaintiff and appellant. *H. T. Hays* and *L. M. Day,* for defendant. *J. T. Lacy* and *R. L. Upton,* for intervenors.

Buchanan, J. This suit, upon a building contract, has been already before this court, and was remanded to allow plaintiff an opportunity of offering evidence to establish the allegations of his opposition to the homologation of the report of an expert. See the report of the decision in 12th An. p. 183.

The only additional evidence offered by plaintiff, who is a second time appellant on the trial of the cause as remanded, is the testimony of one witness, that plaintiff has been compelled to spend one hundred dollars for repairs : and that there is a slight difference in the finish of the front of the buildings, as erected, and that of a building in Rampart street, referred to as a model, in the contract.

The following argreement of counsel was also put on file :

" In this case, by consent of parties in open court, the rule for homologation of the report of the expert, is cumulated with the merits ; the testimony heretofore taken in writing is to be received, subject only to the exceptions which may be made to its admissibility under the pleadings."

In argument, we are referred by the appellant, to several bills of exceptions reserved on the trial in the District Court, which preceded the first appeal.

We cannot notice those bills of exception. All the exceptions to evidence in the old record, were disposed of by the decision in 12th An.

No exceptions were reserved upon the second trial, as should have been done under the agreement copied above, had the appellant desired to have any interlocutory rulings of the court below reviewed upon this appeal.

We find no error in the amount awarded by the District Court, as due by plaintiff upon the contract, and for extra work. The amount proved to have been paid by plaintiff for repairing leaks, seems to have been allowed by the court below, in deduction of the balance due on the contract.

Appellees, in their brief, ask us to amend the judgment in their favor, by allowing interest. This application is not made in the form required by the Code of Practice, to wit, by answer to the appeal.

Judgment affirmed, with costs.